GEORGE A. BRACKETT *vs.* EUGENE F. OSBORNE and another.

January 24, 1884.

*A particular contract construed.*

Appeal by defendants from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial, after a verdict for plaintiff.

*Wilson & Lawrence,* for appellants.

*Daniel Fish,* for respondent.

GILFILLAN, C. J.    Action on a bond.    The bond recites, in substance, a controversy between the plaintiff and defendant Osborne relating to the putting by the latter of steam-heating apparatus into a building of the former; the plaintiff claiming and Osborne denying that by the agreement for putting it in the apparatus was to have a certain heating capacity.    It recites that plaintiff claimed that Mr. Albert B. Ovitt, of Minneapolis, at the date of the bond absent from the United States, knew what the agreement was upon the matter in dispute, and would corroborate plaintiff's statement of it; that the apparatus had not the capacity which plaintiff claimed had been agreed upon, for which reason he declined to pay the remainder of the price, but was desirous of postponing litigation until the return of Ovitt, and to that end was about to give Osborne his note for such remainder, not in settlement of the controversy, but simply that Osborne might have the use of the money until the return of Ovitt; that it was agreed that in case said Ovitt should on his return substantially corroborate the statement of plaintiff of the agreement as to the point in dispute, and announce his willingness to testify to plaintiff's version of the agreement, then Osborne should return the note to plaintiff, or, if it should have been collected, repay to plaintiff the amount collected, with interest, and, as expressed in the recitals in the bond, "*be remitted to his rights and remedies* under said contract in all respects as though said note had never been given;" but if Ovitt should not corroborate plaintiff's statement, the bond should stand as a full settlement of all claims of Osborne against plaintiff

under said contract. The condition of the bond is that Osborne, immediately on being informed by said Ovitt of his purpose to corroborate, by his statements and testimony, the claims of plaintiff, will perform the agreement in respect to the return of the note, or of the amount collected on it. The answer sets up as a counterclaim Osborne's claim for the remainder of the price for the heating apparatus retained by plaintiff. On plaintiff's objection, the court below excluded evidence to establish it. Ovitt returned in August, 1881. The action was commenced in the spring of 1883.

The court instructed the jury that if Ovitt, at any time before the commencement of the action, corroborated plaintiff's statement, and announced his willingness to testify that plaintiff's version of the agreement in controversy was correct, and information thereof was conveyed to Osborne, plaintiff was entitled to recover. Defendants insist that it should have been done within a reasonable time after Ovitt's return. The bond does not express which of the parties shall move Ovitt to give Osborne the specified information, nor express any particular time after Ovitt's return within which it shall be done. Assuming it to have been the duty of plaintiff, we do not see how he could lose the right to do so and require a performance of the condition of the bond by delay, unless it prejudiced the defendants; and of that there is no claim made by them. The charge of the court was as favorable to them as they could require.

The objection plaintiff makes to the matters set up as a counterclaim is that they do not constitute a counterclaim, because an action could not have been brought upon them when this action was commenced; that Osborne could not, after the execution of the bond, and the giving by plaintiff of the note, bring an action on them until he returned the note or repaid the money collected on it. And upon a correct interpretation of the bond, the objection is well taken. The parties seem to have intended this: that if Ovitt did not corroborate plaintiff's theory of the contract for the heating apparatus, the giving of the note by plaintiff should operate as a final and full settlement of Osborne's claim against him; but if he did corroborate such theory, it should operate to suspend the claim until the note should be returned or the money collected on it repaid, and the parties re-

stored to their original situation.    No other inference than that they intended such suspension can be drawn from the recital that "Brackett is desirous of postponing the litigation of said controversy until the return from Europe of said Ovitt,   *   *   *   and to that end is about to give to said Osborne his note of hand;" and they expressly agreed on what event the suspension should cease: "then, and in that case, (that is, of Ovitt corroborating plaintiff's statement,) said Osborne shall return said note to said Brackett, in case the same shall not have been previously collected of said Brackett; and in case the same has been or thereafter be so collected, that said Osborne shall repay the full amount so collected, with interest, and be remitted to his rights and remedies under said contract in all respects as though said note had never been given."    Certainly, to attribute to the parties the intention that Osborne might retain Brackett's note or money, and at the same time sue him on the original claim, would be charging them with an unbusiness-like transaction.

Order affirmed.